Otto V. Witt v. Commissioner.
Witt v. Commissioner
Docket No. 1429-63.
United States Tax Court
T.C. Memo 1964-89; 1964 Tax Ct. Memo LEXIS 246; 23 T.C.M. (CCH) 534; T.C.M. (RIA) 64089; April 7, 1964
*246 Marshall H. Barkin, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: This is a proceeding for the redetermination of a deficiency in income tax for the taxable year ended December 31, 1961, in the amount of $103. The evidence consists of two stipulations of facts with an exhibit attached. The sole issue presented to the Court is whether the petitioner was entitled to a dependency exemption credit for his mother for the taxable year ended December 31, 1961. The petitioner was not present in person or represented by counsel at the time the case was called for trial in Jacksonville, Florida, on March 2, 1964. Findings of Fact The stipulated facts are so found. Petitioner, Otto V. Witt, is an individual who, during the taxable year herein involved, resided at Lake City, Florida. He filed an individual income tax return, Form 1040A, with the district director of internal revenue, Jacksonville, Florida. On his income tax return for the year 1961 petitioner claimed a dependency exemption for his mother. In his statutory notice of deficiency, dated January 4, 1963, respondent determined that petitioner was not entitled to *247 the aforementioned dependency exemption for his mother for 1961. Petitioner kept no complete records of amounts spent for his mother's support, nor did he have any complete records of his own income and expenditures. Petitioner had income in the amount of $1,246 for the year 1961. Petitioner received no funds during the year 1961 other than said income. The claimed dependent, petitioner's mother, received $900 from the Board of Pensions, Lutheran Church in America, during the year 1961. She also received cash benefits totaling $570 from the State of Florida, Department of Public Welfare, during the year 1961. The State Welfare Board pays for medicine for petitioner's mother, which payments for the year 1961 included amounts expended by the Welfare Board for dental plates for her. Petitioner did not provide over one-half of the support for his mother. Petitioner has not established that he is entitled to a dependency exemption for his mother for the taxable year 1961. Opinion The only evidence we have are two signed stipulations which were presented to the Court by respondent's attorney. The stipulated facts which we have set out above, in our opinion, are totally inadequate *248 to overcome the presumption of the correctness of respondent's determination. In fact, the amount of money received by the claimed beneficiary, petitioner's mother, would indicate that she received from the Board of Pensions of the Lutheran Church in America, and from the Department of Public Welfare of the State of Florida, sums which exceeded the total income of petitioner, as set forth in our findings. It seems hardly probable, in such circumstances, that petitioner furnished more than one-half of the support of his mother and, in fact, we feel quite convinced that he did not do so. In any event, he has not established on this record that he is entitled to the claimed dependency exemption for his mother for the taxable year 1961. Decision will be entered for the respondent.